EISENBERG, GILCHRIST & CUTT, P.C.
Robert D. Sherlock (Utah Bar No. 02942)
(Admitted Pro Hac Vice, rsherlock@egclegal.com)
215 South State, Suite 900
Salt Lake City, Utah 84111
PH: 801-366-9100

WATERS, KRAUS & PAUL
Michael Armitage (SBN 152740, armitage@waterskraus.com)
222 North Sepulveda Boulevard, Suite 1900
El Segundo, California 90245
PH: 310-414-8146
*Attorneys For Plaintiff-Relator DAVID VATAN, M.D.*

CROWELL & MORING LLP
Mark R. Troy (CSB No. 120418, mtroy@crowell.com)
Mana Elihu Lombardo (CSB No. 228846, melombardo@crowell.com)
515 S. Flower St., 40th Floor
Los Angeles, California 90071
Telephone: 213.622.4750
Facsimile: 213.622.2690
*Attorneys for Defendants QTC MEDICAL SERVICES, INC. and LOCKHEED MARTIN CORPORATION*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| United States of America, *ex rel.* David Vatan, M.D.<br>　　　　　Plaintiff-Relator<br>　v.<br>QTC Medical Services, Inc, et al.,<br>　　　　　Defendant. | Case No. CV14-8961-PA (SSx)<br>**MEMORANDUM IN SUPPORT OF UNOPPOSED / STIPULATED MOTION TO EXTEND EXPERT DESIGNATION AND DISCOVERY CUTOFF DATES (FIRST EXTENSION)**<br><br>Hearing Date: November 5, 2018<br>Time: 1:30 PM<br>Judge: Hon. Percy Anderson<br>Place: Courtroom 9A<br>Los Angeles – First Street |

1

Plaintiff/Relator David Vatan, M.D. ("Relator") and Defendants QTC Medical Services, Inc. and Lockheed Martin Corporation ("Defendants") (collectively "parties"), by and through their attorneys of record, submit this memorandum in support of the unopposed/stipulated motion to extend expert designation and discovery cutoff dates. This is the first motion/request for extension of such dates.

## I. Certification of Compliance:

This motion originated with Plaintiffs and following the conference of counsel pursuant to L.R. 7-3 which commenced on September 25, 2018 and continued through October 22, 2018. Defendants do not oppose the motion and stipulate to the date modifications.

The parties further request the Court use its discretion to extend dates in the Scheduling Order. Such modification will better allow the parties to utilize discovery effectively in preparing and framing dispositive motions. In accordance with the Court's Standing Order, Paragraph 10, the Court's order is necessary.

The parties have been actively pursuing scheduling an agreed-upon mediator for expeditious settlement / mediation efforts at this time

## II. Discussion:

On April 5, 2018 the Court entered a scheduling order controlling the progress of this case. The parties have engaged in meaningful and properly sequenced discovery efforts since entry of the Court's original scheduling order, but now agree they need a limited amount of additional time to complete factual discovery, to permit early mediation in the case, and to identify, select and disclose experts. In particular, both sides have engaged in substantial document production.

Plaintiff has engaged in analysis and review of over 150,000 line items of Defendants' production of veterans' claim file reviews, and a significant volume of documentary production by both parties. That analysis and the production itself is continuing. Both parties are still in the process of deposing fact witnesses, and are selecting a mediator for early mediation (in approximately the next two months) based on the mediator's availability.

In order to promote judicial economy are well as "secure the just, speedy, and inexpensive determination of [this] action " (F.R. Civ. P. 1), the parties have staged discovery to reduce the need for unnecessary depositions, avoidable expert witness costs, and excessive document production. Despite the scope and complexity of certain issues in the case, the parties have not to this point had discovery disputes necessitating court or magistrate intervention. Both parties have cooperated in scheduling issues and other matters.  Both parties agree that an extension of approximately six weeks for designation of expert witnesses is appropriate with a similar extension of the date for close of all discovery.

In short, all parties are requesting that this Court order a relatively modest extension on the time allotted for the completion of the factual and expert discovery phase of this litigation. That extension of time will also allow meaningful mediation to take place during the same window of time.  Moving these dates (and moving dispositive motion dates if the court chooses to do)  will promote judicial economy by promoting the accelerated settlement efforts via mediation already underway, in advance of the need for meeting an early briefing of any dispositive motions, and avoiding  potentially unnecessary discovery.

For all these reasons, the parties move the court for an order revising the expert designation and discovery completion dates as set forth in the Motion.

Respectfully submitted,

Dated: October 24, 2018

                               EISENBERG, GILCHRIST & CUTT

                               _____/s/ _____

                               *Robert D. Sherlock*

                               Robert D. Sherlock
                               Attorney for Plaintiff/Relator
                               DAVID VATAN, M.D.

                               CROWELL & MORING LLP

Dated: October 24, 2018:

                               _____/s/ _____

                               *Mark R. Troy*

                               Mark R. Troy
                               Mana Lombardo
                               Attorneys for Defendants
                               QTC MEDICAL SERVICES,
                               INC. and
                               LOCKHEED MARTIN
                               CORPORATION

# CERTIFICATION

I, ROBERT D. SHERLOCK, am an attorney in the law firm of Eisenberg, Gilchrist & Cutt, counsel of record for Relator-Plaintiff David Vatan, M.D. Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

Dated: October 24, 2018

                                  EISENBERG, GILCHRIST & CUTT

                                        _____/s/_____

                                         *Robert D. Sherlock*

                                         Robert D. Sherlock
                                         Attorneys for Plaintiff-Relator
                                         Dr. David Vatan, M.D.

# CERTIFICATE OF SERVICE

I hereby certify that I am an attorney at Eisenberg, Gilchrist & Cutt. My business address is 215 S. State Street, Suite 900, Salt Lake City, Utah 84111. I am over the age of eighteen years and not a party to the above-titled action.

I certify that on October 24, 2018, I served the foregoing document(s):

**Memorandum in Support of Unopposed / Stipulated Motion
To Amend Scheduling Order Dates**

The document was served by e-mail to counsel, through the Court's ECF system, to the following Parties and Notice Parties. All such parties are on the Court's ECF notice system:

**Electronic Mail Notice List**

Michael L. Armitage  --Armitage@waterskraus.com

Mark Troy  -- mtroy@crowell.com

Mana Elihu Lombardo - MeLombardo@crowell.com

Donald W. Yoo, Assistant U.S. Attorney, zenaida.rosacia@usdoj.gov, caseview.ecf@usdoj.gov, donald.yoo@usdoj.gov, usacac.civil@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 24 , 2018

*s/ Robert D. Sherlock*

Robert D. Sherlock