## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8961 PA (SSx) | Date | January 4, 2019 |
|---|---|---|---|
| Title | United States ex rel. Vatan v. QTC Medical Services, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Stay Proceedings and Extend Case Deadlines ("Motion," Docket No. 67) filed by relator David Vatan ("Relator"). Defendants QTC Medical Services, Inc. and Lockheed Martin Corporation (collectively, "Defendants") have filed an opposition (Docket No. 90), and Relator has filed a reply (Docket No. 95). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 7, 2019, is vacated, and the matter taken off calendar.

The Court issued a scheduling order on April 4, 2018, pursuant to which discovery was set to close on January 7, 2019; the last day for hearing motions was January 14, 2019; and trial was set for March 19, 2019. (Docket No. 52 at 2.) On October 16, 2018, the parties filed a motion seeking to extend all deadlines in this case. (Docket Nos. 59-62.) The Court denied the motion without prejudice to the parties' submission of another stipulation extending discovery deadlines. (Docket No. 63.) The parties filed another stipulation, which the Court granted on October 25, 2018, and the discovery cutoff date was extended to February 25, 2019. (Docket Nos. 64-66.)

Relator filed his Motion on December 10, 2018. That same day, Defendants filed a motion for summary judgment. The motion was scheduled for hearing on January 7, 2019. (Docket No. 70.) Under the Local Rules, Relator's opposition would have been due December 17, 2018. See L.R. 7-9. On December 13, 2018, Relator filed an ex parte application for an extension to respond to the motion. (Docket No. 88.) The Court granted the application and vacated the hearing date. The Court ordered Relator to file his opposition by December 31, 2018 and Defendants to file their reply by January 10, 2019. (Docket No. 89.)

Relator requests that the Court extend the discovery, settlement conference, and motions deadlines by approximately 60 days. (Mot. at 1-2; Pl.'s Mem. P. & A. at 3, 6, Docket No. 68; Docket No. 69.) Relator explains that his lead counsel, Robert Sherlock, must cease his litigation practice due to health issues, requiring Relator to obtain new counsel. (Pl.'s Mem. P. & A. at 2-3; see Reply at 3-4;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8961 PA (SSx) | | Date | January 4, 2019 |
|---|---|---|---|---|
| Title | United States ex rel. Vatan v. QTC Medical Services, Inc., et al. | | | |

Sherlock Decl. ¶¶ 6-13, Docket No. 95-1; see also Cohen Decl., Docket No. 95-2.[1/]) Relator also asserts that additional discovery is needed to oppose Defendants' motion for summary judgment. (Pl.'s Mem. P. & A. at 3-5; Reply at 4; see Sherlock Decl. ¶ 13; Cohen Decl. ¶¶ 4-15.) Relator contends that there would be no prejudice to Defendants. (Pl.'s Mem. P. & A. at 3, 5; Reply at 3, 4.)

The Court's scheduling order warned that "[t]he dates set by the Court are firm dates. Absent extraordinary circumstances, which must satisfy the requirements of Federal Rule of Civil Procedure ['Rule'] 16(b) and be brought to the Court's attention in a timely manner, the Court will not modify these dates." (Docket No. 52 at 1.) Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Good cause may be established by showing that the pretrial schedule 'cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment), and collecting cases). Although a court may consider other factors, such as whether amending the scheduling order would prejudice the opposing party, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted) (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). The party seeking to modify the scheduling order bears the burden of showing that good cause exists. See id. at 608.

Relator fails to establish that relief under Rule 16(b) is appropriate. Relator does not adequately explain why attorneys who already have been involved in the case are not able to take over the representation from Mr. Sherlock. Relator asserts that other attorneys at Mr. Sherlock's firm lack the necessary background, but Defendants have provided evidence that other attorneys have taken an increased role in the case in recent months. (Opp'n at 6-7; see Troy Decl. ¶¶ 8-10, Docket No. 91.) Additionally, Relator fails to acknowledge that he also is represented by local counsel, who has already appeared on his behalf and has been involved in the litigation from the outset. (See Troy Decl. ¶ 11.) And even if Relator does require new counsel, "a mere change in counsel is not a basis to find good cause supporting Rule 16 relief." Washington v. Andrews, No. 1:07-cv-00886-AWI-MJS (PC), 2012 WL 5520413, at *2 (E.D. Cal. Nov. 14, 2012) (citing Buchanan County v. Blankenship, 545 F. Supp. 2d 553, 555 (W.D. Va. 2008)).

---

[1/]   Defendants have filed objections to Relator's reply and the materials submitted with it. (Docket No. 96.) The Court declines to address Defendants' objections because denial of Relator's Motion is appropriate even if the Court considers all of the materials submitted by Relator. See, e.g., Our Children's Earth v. Leland Stanford Junior Univ., No. 13-cv-00402-EDL, 2015 WL 12745786, at *2 n.1 (N.D. Cal. Dec. 11, 2015) ("Because even considering Defendant's McCown and Zigterman declarations in support of its motion to stay, the Court denies Defendant's motion, the Court need not consider Plaintiffs' evidentiary objections to those declarations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-8961 PA (SSx) | | Date | January 4, 2019 |
|---|---|---|---|---|
| Title | United States ex rel. Vatan v. QTC Medical Services, Inc., et al. | | | |

  Moreover, Relator fails to establish that he diligently prosecuted this action. The parties originally were given nine months in which to pursue discovery, and that period was later extended by over a month. While Relator may desire additional time for discovery, he fails to demonstrate that he diligently used the time already given. See, e.g., Baker v. Firstcom Music, No. 2:16-CV-08931-VAP (JPRx), 2017 WL 9500980, at *7 (C.D. Cal. Nov. 3, 2017) ("Plaintiff has not provided a legitimate excuse for his delayed pursuit of relevant information in discovery, and therefore was not diligent in complying with the Court's Scheduling Order. Given Plaintiff's failure to pursue discovery diligently and disregard for the deadlines in the Court's Scheduling Order, the Court finds that Plaintiff has not shown good cause to modify the Scheduling Order . . . ."). Indeed, Relator's assertions about additional discovery that he requires or would pursue with new counsel suggest only Relator's lack of diligence to this point. Because the Court finds that Relator has not been diligent, the Court need not consider whether a stay or continuance would prejudice Defendants. See Johnson, 975 F.2d at 609.

  Relator also argued that a continuance is necessary for him to oppose Defendants' motion for summary judgment. (Pl.'s Mem. P. & A. at 4, 5.) However, the Court has extended the deadlines for briefing on Defendants' motion, and Relator has filed an opposition addressing the merits of the motion. (See Docket Nos. 89, 98.) Accordingly, Relator's arguments about summary judgment appear to be moot. To the extent that Relator's Motion relies on Rule 56(d), Relator fails to establish that relief under that Rule is warranted. Rule 56 provides that on a motion for summary judgment, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Relator fails to identify any specific facts he hopes to discover that would defeat summary judgment. See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) ("The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." (citations and internal quotation marks omitted)). See also Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) ("[T]he district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." (quoting Nidds v. Schindler Elevator Corp., 113 F.3d 912, 920 (9th Cir. 1996)).

  For the foregoing reasons, Relator's Motion to Stay Proceedings and Extend Case Deadlines (Docket No. 67) is denied.

  IT IS SO ORDERED.